**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DEMETHRIC HULUM**                                                       **PLAINTIFF**

v.                      No. 4:13CV00383 JM/JTR

**CAROLYN W. COLVIN,** *acting*                             **DEFENDANT**
*SOCIAL SECURITY COMMISSIONER*

## Instructions for Recommended Disposition

The following recommended disposition will be sent to U.S. District Judge James M. Moody Jr. A party to this dispute may file and serve written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] Failing to object within 14 days may waive the right to appeal questions of fact.[2] An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

and/or documents to be proffered at a hearing. Based on this submission, the district judge will determine the need for a hearing.

## **Recommended Disposition**

Demethric Hulum seeks judicial review of the denial of her application for disability insurance benefits and supplemental security income. Hulum last worked full time as an administrative assistant/account manager for a janitorial service.[3] She resigned because the job required a lot of walking; the walking caused pain and swelling in her left knee.[4] Hulum then began working part time for a catering service,[5] but her knee continued to give her problems. A few months later, she applied for disability benefits. She based disability on her left knee.[6]

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ determined Hulum has severe impairments — degenerative joint disease in the left knee, status post knee surgery, and obesity[7] — but she can do

---

[3] SSA record at 116 & 137.

[4] *Id*. at p. 28.

[5] *Id*. at pp. 95, 123 & 149.

[6] *Id*. at pp. 132, 146 & 174.

[7] *Id*. at p. 15.

sedentary work,[8] to include her past work as a tax preparer. Because a person who can do her past work is not disabled,[9] the ALJ determined Hulum is not disabled and denied the application.[10]

After the Commissioner's Appeals Council denied a request for review,[11] the ALJ's decision became a final decision for judicial review.[12] Hulum filed this case to challenge the ALJ's decision.[13] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14] This recommendation explains why substantial evidence supports the decision

---

[8]*Id*. at p. 16 (reducing sedentary work by occasional stair/ramp climbing, stooping, crouching, crawling, and kneeling, and no climbing of ropes, ladders or scaffolds).

[9]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (claimant who can do her past relevant work is not entitled to disability insurance benefits).

[10]SSA record at p. 19.

[11]*Id*. at p. 1.

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[13]Docket entry # 2.

[14]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is

and why the ALJ made no legal error.

**Hulum's allegations**. Hulum challenges the ALJ's evaluation of her credibility.[15] Because she now uses a cane, she objects to the ALJ's reliance on her ability to walk without a cane.[16] She maintains her left knee prevents her from working as tax preparer. She contends the ALJ's hypothetical question was deficient because the question didn't include arthritis in the knees, the need to stand up every half hour, or the need to elevate the leg.[17] For these reasons, she argues, substantial evidence does not support the ALJ's decision.

Credibility. An ALJ must evaluate the claimant's credibility because subjective complaints — here, disabling left knee pain[18] — play a role in determining the claimant's ability to work.[19] The ALJ followed the required two-step process and considered the required factors to evaluate Hulum's credibility,[20] so the dispositive

---

substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[15]Docket entry # 14, pp. 8-12.

[16]*Id*. at p. 10.

[17]*Id*. at pp. 12-16.

[18]SSA record at pp. 132, 146, 160 & 175.

[19]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[20]SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's*

question is whether substantial evidence supports the credibility evaluation. The answer to that question leads to the next question — whether the hypothetical question was deficient — because the ALJ may exclude alleged impairments properly rejected as untrue or unsubstantiated from the hypothetical question.[21]

For substantial evidence to support the credibility evaluation, a reasonable mind must accept the evidence as adequate to show Hulum over-stated her pain.[22] In determining whether substantial evidence exists, the court must consider all of the evidence — including evidence detracting from the ALJ's decision[23] — but the court may not reverse because substantial evidence supports an opposite conclusion.[24] Considering all of the evidence in this case, sufficient evidence supports the ALJ's credibility evaluation.

Hulum bases her claim on her painful, left knee. Although a lot of walking or standing causes the knee to swell, sedentary work does not require much walking or

---

*Statements*.

[21]*Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2011).

[22]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[23]*Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

[24]*Sultan*, 368 F.3d at 863.

standing. "Jobs are sedentary if walking and standing are required occasionally…."[25] Hulum did more than occasional walking and standing when she applied for disability benefits. She worked six hours a day, four days a week.[26] In comparison, sedentary work generally requires no more than two hours of walking or standing in an eight-hour workday.[27]

Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[28] Hulum's only functional impairment is her knees. She has arthritis in the knees, worse in the left;[29] she likely needs a left-knee replacement.[30] "As is true in many disability cases, there is no doubt that [Hulum] is experiencing pain; the real issue is how severe that pain is."[31] There

---

[25]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

[26]SSA record at p. 149.

[27]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

[28]*Id.*

[29]SSA record at p. 243.

[30]*Id.* at p. 245.

[31]*Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

is no medical evidence suggesting Hulum's knees prevent sedentary work. A reasonable mind would accept the evidence as adequate to support the credibility evaluation because Hulum's only functional impairment is her left knee.

<u>Hypothetical question</u>. An ALJ poses a hypothetical question to a vocational expert "to assess whether jobs exist for a person with the claimant's precise disabilities."[32] A hypothetical question is sufficient if it captures the concrete consequences of the claimant's deficiencies.[33] The hypothetical question in this case captured the concrete consequences of Hulum's deficiencies because it incorporated limitations posed by the left knee.

In 2008, an orthopedist diagnosed extensive arthritis in the left knee, secondary to a 1996 left knee injury and surgery to repair the anterior cruciate ligament and meniscus.[34] The orthopedist predicted the need for a knee replacement.[35] In 2011, the agency examiner found a reduced range of motion and swelling in the left knee, muscle atrophy in the left calf, and a left limp.[36] Diagnostic imaging shows

---

[32]*Gilliam v. Califano*, 620 F.2d 691, 694 n.1 (8th Cir. 1980).

[33]*Perkins*, 648 F.3d at 901-02.

[34]SSA record at pp. 239 & 245.

[35]*Id*. at p. 245.

[36]*Id*. at pp. 200-01.

degenerative changes in the left knee, and an old and new abnormality in the meniscus.[37] The problem with the meniscus implicates the ability to walk or stand because the meniscus protects the cartilage covering the ends of the leg bones and helps the knee to bend and straighten.

Agency medical experts reviewed the evidence and opined that Hulum can do sedentary work, limited by occasional stair/ramp climbing, balancing, kneeling, crouching, and crawling.[38] The ALJ relied on those limitations, and others, in determining Hulum's ability to work. The reduction to sedentary work; the limitation on stair/ramp climbing, stooping, crouching, crawling, and kneeling; and the elimination of climbing ropes, ladders or scaffolds, captured the concrete consequences of Hulum's impairments.[39]

Those parameters formed the basis of the ALJ's hypothetical question. According to the vocational expert, a tax preparer can work within those parameters.[40] Hulum says she must elevate her left leg after walking/standing for six hours at

---

[37]*Id.* at p. 202.

[38]*Id.* at pp. 208 & 234.

[39]*Id.* at p. 34.

[40]*Id.* at p. 35.

work,[41] but the vocational expert stated that a tax preparer can elevate a leg during an afternoon break.[42] A reasonable mind would accept this evidence as adequate to show Hulum can do her former work as a tax preparer. Thus, substantial evidence supports the ALJ's determination.

Even if Hulum needs to stand periodically to relieve knee stiffness or pain, she has not shown that her former work precludes standing for that purpose. The fact at she now uses a cane does not change the result because evidence must be probative of the claimant's condition for the time period for which benefits were denied.[43] Hulum began using a cane after the date of the decision.

**Conclusion and recommendation**. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Hulum's request for relief (docket entry #2) and AFFIRMING the Commissioner's decision.

It is so ordered this 14th day of April, 2014.

_____
United States Magistrate Judge

---

[41]*Id*. at pp. 149 & 179.

[42]*Id*. at p. 35.

[43]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).